| TWOODARD, Judge.
The Defendant, Mr. Jerome Harrison, pled guilty to attempted manslaughter and aggravated burglary for which the trial court sentenced him to fifteen years at hard labor. He appeals the sentence, asserting that it is excessive. We find that the sentence is indeterminate. It is unclear whether the fifteen year sentence encompasses both crimes or whether the trial court sentenced him to fifteen years for each crime. Therefore, we vacate his sentence and remand for resentencing.
[[Image here]]
On February 23, 1998, Mr. Harrison broke into a house at 617 Hank Street in Breaux Bridge, Louisiana. Leona Addison and Michael Constantine were inside the home. Upon entering, Mr. Harrison pointed a .22 caliber handgun at Mr. Constantine. Ms. Addison fled on foot out of the house and attempted to run to her mother’s house. Mr. Harrison ran after her and fired four shots in her direction. Three of them struck her in the head, neck, and arm.
On May 6, 1998, Mr. Harrison was charged with attempted second degree murder in violation of La.R.S. 14:27 and La.R.S. 14:30.1, aggravated burglary in violation of La.R.S. 14:60, and aggravated assault in violation of La.R.S. 14:37. He pled guilty to aggravated burglary and attempted manslaughter in violation of La. R.S. 14:31 and La.R.S. 14:27. The aggravated assault charge was dismissed. The trial court ordered a pre-sentence investigation report and set a sentencing date. Mr. Harrison was sentenced to fifteen years at hard labor with credit given for time served. He was also advised of the two-year prescriptive period to apply for post-conviction relief. He objected to the sentence, but did not state his reasons. Then, he filed a motion and order of appeal and a motion to reconsider sentence, which were denied. He seeks a review of his sentence based on excessiveness.
[[Image here]]
Errors Patent
In accordance with La.Code Crim.P. art. 920, we review all appeals for errors patent on the face of the record. After doing so, we find one.
| ?Mr. Harrison pled guilty, both, to attempted manslaughter and to aggravated burglary. In sentencing him for these offenses, the judge stated:
[T]he court imposes this sentence against Jerome Harrison on the charges of aggravated burglary and on the charge of attempted manslaughter at fifteen years hard labor.
We find this language to be ambiguous, as it is not clear whether he intended to impose fifteen years on each count or on both counts together. Thus, the sentences are indeterminate. Accordingly, we vacate them and remand for resentencing.
Excessiveness of Sentence
Mr. Harrison contends that his fifteen-year sentence at hard labor is excessive since he has no prior criminal activity. Furthermore, he asserts that the trial court failed to adequately consider the mitigating factors particular to his case.
Our decision to vacate his sentence and remand for resentencing renders this issue moot.
CONCLUSION
We find Mr. Harrison’s sentence to be indeterminate. Accordingly, we vacate the sentence and remand to the trial court for resentencing.
*521 SENTENCE VACATED AND REMANDED FOR RESENTENCING.